Carl D. Poplar (4791)
CARL D. POPLAR, P.A.
1010 Kings Highway South, Bldg. 2
Cherry Hill, NJ 08034
(856) 216-9979

George O. Richardson, III (9817)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x
DAVID ANDERSON,                                              :
                Plaintiff,                :
                                          :
    -against-                                 :
                                          :
PERTTI TORMALA, et al.,                                      :  Civil Action No.: 2:11-cv-000525 CCC-JAD
                                          :
                Defendants, and           :
BIORETEC OY,                                                 :
                Nominal Defendant.        :
------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTIONS TO DISMISS

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................ii

DISCUSSION ..........................................................................................................1

    I.   THE CASE SHOULE BE DMISSED ON THE
       GROUNDS OF FORUM NON CONVENIENS................................................1

       A.  Plaintiff's Cases are not Relevant .................................................1

       B.  Finland is an Adequate Forum .......................................................2

       C.  Plaintiff's Choice of Forum Deserves Little Deference .................4

       D.  The Public and Private Interests ....................................................5

    II.  PLAINTIFF HAS FAILED TO MEET ITS BURDEN
       TO DEMONSTRATE PERSONAL JURISDICTION........................................7

       A.  The Applicable Standards ..............................................................8

       B.  Plaintiff has failed to Demonstrate Specific Jurisdiction................9

          1.  The Shareholder Agreement & B shares ................................9

          2.  The Stryker deal ....................................................................11

          3.  The Volcano Offers................................................................12

          4.  MedTech .................................................................................12

       C.  Plaintiff has failed to Demonstrate General Jurisdiction
          over Bioretec ................................................................................12

   III. PLAINTIFF HAS NOT SHOWN THE NEED FOR
       JURISDICTIONAL DISCOVERY ...............................................................14

   IV. SOME CLAIMS ARE BARRED BY THE STATUTE
       OF LIMITATIONS......................................................................................15

CONCLUSION......................................................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                                                           Page

Am. Gen. Life Ins. Co. v. Berger,
    No. 10-3377 (WHW), 2011 WL 322649 (D.N.J. Jan. 28, 2011)......................................14

Asahi Metal Indus. Co. v. Superior Court,
    480 U.S. 102 (1987)............................................................................................................13

Compagnie des Bauxites de Guinea v. Ins. Co. of North America,
    651 F.2d 877 (3d Cir. 1981)...........................................................................................8 n.5

Gulf Oil Corp. v. Gilbert,
    330 U.S. 501 (1947)..............................................................................................................7

Halak v. Seovill,
    686 A.2d 1245 (N.J. App. Div. 1997).................................................................................10

Helicopteros Nacionales de Colombia, S.A. v. Hall,
    466 U.S. 408 (1984)..............................................................................................................8

IBM v. Harrysson,
    116 F. Supp. 2d 485 (S.D.N.Y. 2000)...............................................................................1, 6

IMO Indus., Inc. v. Kiekert AG,
    155 F.3d 254 (3d Cir. 1998)................................................................................................11

Kopperi v. Sikorsky Aircraft Corp.,
    2009 WL 6919972, Civ. No. 3:08CV451 (WWE), (D. Conn. Sept. 2, 2009)......................3

Magla Products, L.L.C. v. Chambers,
    No. CIV A 06-0115 PGS, 2006 WL 2846274 (D.N.J. Sept. 29, 2006)................................1

Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,
    107 F.3d 1026 (3d Cir. 1997)..............................................................................................14

Metcalfe v. Renaissance Marine, Inc.,
    566 F.3d 324 (3d Cir. 2009)...........................................................................................8, 14

M/S Bremen v. Zapata Off-Shore Co.,
    407 U.S. 1 (1972)..................................................................................................................2

Nieminen v. Breeze-Easter,
    736 F. Supp. 580 (D.N.J. 1990)............................................................................................1

N.V.E. Inc. v. Cosmetic Industry & Trade Corp.,
  No. 09-3412 (PGS), 2010 WL 1381482 (D.N.J. April 5, 2010) ........................................10

Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas,
  675 F.2d 587 (3d Cir. 1982)...........................................................................................8 n.5

In re Royal Dutch Shell Transp. Sec. Litig.,
  522 F. Supp. 2d 712 (D.N.J. 2007) ................................................................................2 n.1

In re Royal Dutch Shell Transp. Sec. Litig.,
  380 F. Supp. 2d 509 (D.N.J. 2005) ......................................................................................2

Rush v. Savchuk,
  444 U.S. 320 (1980).............................................................................................................10

Tech. Dev. Co. v. Onischenko,
  174 Fed. Appx. 117 (3d Cir. April 5, 2006) ....................................................................1, 3

Thorner v. Song Computer Entm't Am. Inc.,
  No. 09-1894 (GEB), 2009 WL 4041595 (Nov. 20, 2009).....................................................8

Victory Int'l (USA) Inc. v. Perry Ellis Int'l, Inc.,
  No. 07-0375 (WHW), 2008 WL 65177 (D.N.J. Jan. 2, 2008)............................................10

This memorandum of law is submitted by defendants in reply to plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss, dated June 3, 2011 ("Plaintiff's Memo") and in further support of defendants' motions to dismiss.

## DISCUSSION

### I.

### THE CASE SHOULD BE DISMISSED ON THE GROUNDS OF FORUM NON CONVENIENS

Our opening brief explained that under the Supreme Court's four-part test, this case should be dismissed on the basis of forum non conveniens. In response, plaintiff acknowledges the legal inquiry, but did not submit any evidence, other than its American lawyer's ipse dixit, to counter our showing. Thus the motion should be granted.

A. <u>Plaintiff's Cases are not Relevant</u>

At the outset, four decisions on which plaintiff primarily relies were based on facts critically different than those presented here: In two of plaintiff's cases, the moving defendant was a resident of the district in which suit was brought. See <u>Technology Development Co. v. Onischenko</u>, 174 Fed. Appx. 117, 118 (3d Cir. 2006) (Plaintiff's Memo at 16, 17, 18, 25, 28); <u>Nieminen v. Breeze-Easter</u>, 736 F. Supp. 580, 584 (D.N.J. 1990) (defendant's plant located in Union, NJ) (Plaintiff's Memo at 17, 18, 23, 29). It is obviously a very difficult matter for a defendant to show that its home-forum is not convenient.

In two other of plaintiff's cases, the moving defendant had entered into a written contract with the plaintiff which contained a forum selection clause whereby the defendant agreed to the forum in which the plaintiff sued. See <u>Magla Products, L.L.C. v. Chambers</u>, No. CIV A 06-0115 PGS, 2006 WL 2846274, at *1 (D.N.J. Sept. 29, 2006) (Plaintiff's Memo at 16, 21, 22, 23); <u>IBM v. Harrysson</u>, 116 F. Supp. 2d 485, 486 (S.D.N.Y. 2000) (Plaintiff's Memo at 23, 24, 25). These

cases are inapposite because the Supreme Court has instructed that a contractual forum selection is to be enforced except where it is procured by fraud or where the party seeking to avoid his contract shows "that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972). This is a far different standard than the one applied on a motion under forum non conveniens. See Defendants' Memo at 3.

Plaintiff completes its opposition by misstating the law. See Plaintiff's Memo at 23-24 (citing In re Royal Dutch Shell Transport Sec. Litig., 380 F. Supp. 2d 509 (D.N.J. 2005)). Royal Dutch Shell concerned a motion to dismiss for lack of subject-matter jurisdiction, id. at 546, not forum non conveniens. But plaintiff conflates the analyses to claim that the subject-matter jurisdiction standard applies here. Plaintiff's Memo at 24 & 24 n.10. Plaintiff does not cite a case in which Royal Dutch Shell was applied to forum non conveniens and we are not aware of one. Plaintiff's reliance on Royal Dutch Shell borders on the frivolous.[1]

Plaintiff's cases are not relevant to the facts and law here. The motion should be granted.

B. Finland is an Adequate Forum

The threshold inquiry on this motion is whether another adequate forum exists. Once the alternate forum is found to be adequate, the three other factors are considered. There are two parts to the "adequacy" inquiry: (i) is the defendant amendable to process in the proposed forum and (ii) does the proposed forum offer an adequate remedy. Defendants' Memo at 4-5.

---

[1] The defendant in Royal Dutch Shell subsequently moved to dismiss certain claims on the basis of forum non conveniens. See Royal Dutch Shell Transport Sec. Litig., 522 F. Supp. 2d 712, 716 (D.N.J. 2007). The motion never was considered, however, because the court dismissed for lack of subject-matter jurisdiction. Id. at 724.

Plaintiff does not dispute that defendants, citizens of Finland, are amendable to process in Finland. Ordinarily, this ends the inquiry. See Technology Development Co., Supra, 174 Fed. Appx. at 120 ("Inadequacy of the alternate forum is rarely a barrier to forum non conveniens dismissal") (Plaintiff's Memo at 16).

Nonetheless, plaintiff contests the second part of the inquiry. The heart of plaintiff's opposition is revealed by one phrase from its memorandum: "Finland lacks a well-developed procedure for shareholder derivative actions." Plaintiff's Memo at 17. Plaintiff submitted absolutely nothing in support of this statement -- no case; no affidavit; nothing.

Instead, plaintiff quibbles with our proof. Plaintiff sloughs off the Turkki declaration, which established the adequacy of Finland, and then contends that two cases we cited should be ignored because they concerned wrongful death actions. See Plaintiff's Memo at 17-18. While the cases did involve wrongful death actions (which we assume are at least as deserving of a court's critical attention as a stockholder's derivative suit), Kopperi found the Finnish judicial system adequate in far more general terms. See Kopperi v. Sikorsky Aircraft Corp., 2009 WL 6919972, Civ. No. 3:08CV451 (WWE), at *9 (D. Conn. Sept. 2, 2009) (Plaintiff's Memo at 17).

So that there is no question on this issue, we have submitted the declaration of Professor Antti Jokela, who explains that Finland has adequate procedures to resolve plaintiff's claims. Declaration of Antti Jokela, executed June 27, 2011 ("Jokela Dec.") § I.[2]

---

[2] We submit that we have carried our burden on forum non conveniens even without the Jokela Dec. It is submitted to insure that the Court is fully informed on these issues.

C. <u>Plaintiff's Choice of Forum Deserves Little Deference</u>

In our opening brief we explained that because plaintiff is not a citizen of New Jersey, its choice of forum should be given little deference. Defendant's Memo at 6-7. This is particularly true in a derivative case, where multiple plaintiffs in different jurisdictions could bring suit. <u>Id</u>. We also pointed out that by investing in a Finnish company organized under Finnish law, plaintiff reasonably should have expected to bring his claims in Finland. <u>Id</u>.

In opposition, plaintiff does not claim that it brought suit in New Jersey based on convenience, nor does it deny that, by the nature of its investment, it should have expected to bring suit in Finland. <u>See</u> Declaration of David Anderson, executed June 2, 2011 (silent on both issues). Instead, plaintiff tries to show that New Jersey has an interest in this case. Plaintiff argues that (i) Terry Wall and Anthony Dimun, New Jersey residents, "presented" this investment to plaintiff (although not in New Jersey); (ii) and that Bioretec officers have travelled to New Jersey. Plaintiff's Memo at 19-20. Based on these allegations, plaintiff states that Bioretec "subjected itself to U.S. securities laws, New Jersey Blue Sky laws . . . as well as general civil liability in the United States." <u>Id</u>. at 20. Plaintiff does not cite any authority to why these allegations, even if true, would defeat a motion to dismiss for forum non conveniens.

But even assuming that the law supported plaintiff, it would be of no avail. This is because, while plaintiff makes these sweeping statements, it does not even suggest that its claims are related in any way to (i) what Wall or Dimun said or failed to say at the time plaintiff made his investment (or, indeed, at any time) or (ii) Bioretec's sporadic visits to New Jersey. More-

over, it is incontrovertible that the complaint is not seeking redress for violation of U.S. securities laws or New Jersey's Blue Sky laws.[3]

New Jersey does not have an interest in the claims this plaintiff is asserting in this case. Plaintiff is not a private attorney general and should not be heard to press the claims of others. Plaintiff is not a citizen of New Jersey. He has not offered any reason why his choice of forum should be given deference.

D. The Public and Private Interests

Of all the public and private interests at issue here, the most important one is that Finland will not recognize a judgment of a U.S. court. See Defendants' Memo at 10. We explained that it was doubtful that Finland would enforce a U.S. judgment. Defendants' Memo at 10. We made this statement based on three authorities: Published statements by the Republic of Finland's Ministry of Justice and the U.S. State Department and a law review article. Id.

In response, plaintiff does not offer any law or an expert affidavit. Rather, plaintiff says three things: First, that our statement regarding non-enforcement is not strong enough. Plaintiff's Memo at 24. Second, that one of our authorities discussed only money judgments. Id. And finally, plaintiff says, in essence, "I don't care; I'll take my chances." Id. at 25 (plaintiff will assume risk of enforcement). None of these arguments overcomes defendants' showing.

---

[3] Plaintiff's Memo also asserts that "Bioretec's U.S. affiliate, BCI, was the vehicle through which class A shareholders invested in Bioretec." Plaintiff's Memo at 20. Apparently plaintiff wants the reader to conclude that Bioretec has a U.S. affiliate. It doesn't. BCI became Bioretec, Declaration of David Bershad ¶ 3 (June 3, 2011) (submitted by plaintiff) ("Bershad Dec."), and Bioretec is a Finnish company, Complaint ¶ 13. Indeed, all of plaintiff's factual submissions should be viewed with skepticism because plaintiff cannot keep the facts straight. For example, in what year BCI was spun-off from its parent depends upon if you ask Mr. Bershad ("in or about 1996"), Bershad Dec. ¶ 3; Mr. Dimun ("in or about 1997"), Declaration of Anthony Dimun ¶ 9 (June 3, 2011); Mr. Wall ("in or about 1998"), Declaration of Terry Wall ¶ 2 (June 2, 2011); or the drafter of plaintiff's memo ("[i]n or about 1997"), Plaintiff's Memo at 5.

First, we said that it was "doubtful" that Finland would enforce a judgment because little in life is certain. The authorities we cited did not couch their statements in any way. See Defendants' Memo at 10 (citing statements of the Republic of Finland's Ministry of Justice and the U.S. State Department).

Second, plaintiff is correct that one of our authorities discussed only money judgments. Plaintiff has nothing to say, however, about the governments' statements, which are not limited to the type of judgment obtained. The Jokela declaration makes this clear. See Jokela Dec. § IV.

Third, plaintiff says that he is willing to take his chances on enforcement. But plaintiff should not be given free rein to waste the time and trouble of this Court to pursue its personal claims. Plaintiff's one case, IBM v. Harrysson, 116 F. Supp. 2d 485 (S.D.N.Y. 2000), is not to the contrary. That case is dramatically different than ours. Preliminarily, as mentioned above, the parties had entered into a written forum selection clause in connection with a restrictive covenant. Second, the defendant conceded that all of the Gulf Oil factors, but one, were against dismissal. Id. at 486. The one factor on which the defendant would not concede was whether the defendant's home forum, Sweden, would enforce a judgment. Id. But even this factor was different than here, because the defendant merely asserted that Sweden might not recognize the judgment because of Sweden's apparent public policy against restrictive covenants. Id. None of these factors are present here.

In fact, plaintiff's professed willingness to litigate this matter even without an enforceable judgment raises the question of its motive in bringing this case.

With respect to access to proof, plaintiff does not deny that the defendants' books and records are located in Finland. Plaintiff's only specific response is to say the Shareholder Agree-

- 6 -

ment is in New Jersey. Plaintiff's Memo at 21. And plaintiff even makes this statement without any citation to the record.

Plaintiff also claims that executives of Stryker and Volcano Capital would be needed as witnesses and claims they are located in New Jersey. Plaintiff's Memo at 21. There are two problems with this statement. First, as explained in detail below, plaintiff is not complaining about the Stryker or Volcano deals themselves; rather, he is complaining about defendants' supposed rejection of those deals. See pt. II.B.2. & II.B.3, below. Thus these "witnesses" are not necessary to plaintiff's claims. Second, even were this flaw over-looked, plaintiff has not submitted any evidence averring to the location of these purported witnesses.[4]

In sum, plaintiff argues only that he should be permitted to have his claim heard in New Jersey. But in the sixty-odd pages of his complaint, memorandum, and declaration, he never explains why he brought it here; specifically, he does not aver that he brought it here out of convenience. Absent that statement, it is not unreasonable to conclude that suit was brought here "to vex, harass, or oppress the defendant." See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

## II.
## PLAINTIFF HAS FAILED TO MEET ITS BURDEN
## TO DEMONSTRATE PERSONAL JURISDICTION

In our opening brief, we explained that the complaint did not disclose the theory upon which plaintiff was trying to assert personal jurisdiction. See Defendants' Memo at 15. In re-

---

[4] Unless, of course, plaintiff means that Wall would testify on behalf of Volcano. Volcano is a B shareholder, Wall Dec. ¶ 8, and while Wall's declaration is silent on the issue, the website of HydroCision lists "Terry Wall" as its chairman and as an "advisor" to Volcano Capital. See www.hydrocision.com/hydro/ company/board.shtml (last visited June 27, 2011). Volcano is run by "Doug Wall." See www.volcanocap.com (last visited June 27, 2011). Given that Volcano is a B shareholder and Wall appears to be affiliated with Volcano, it is difficult to understand how Wall did not know about the Shareholder Agreement. These facts also may shed light on Wall's role in the Volcano deals. Cf. Complaint at 1 (expounding on how "conflicts of interest" are the "ugliest feature").

sponse, plaintiff claims that it is asserting general jurisdiction over nominal defendant Bioretec and specific jurisdiction over the remaining defendants. See Plaintiff's Memo at 8; 12. Plaintiff admits that it carries the burden of proof on jurisdiction. Id. at 6-7. But the facts adduced by plaintiff are not sufficient to demonstrate the jurisdiction it is claiming. Plaintiff has not met its burden and the case must be dismissed.

A. The Applicable Standards

The parties agree that for general jurisdiction, plaintiff must show that defendants' contacts are "'extensive and persuasive [sic].'" Thorner v. Song Computer Entertainment America Inc., No. 09-1894 (GEB), 2009 WL 4041595, *2 (Nov. 20, 2009) (quoting Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982)) (Plaintiff's Memo at 7).[5] "To support such a finding, the plaintiff must show significantly more than mere minimum contacts with the forum state." Id.

For specific jurisdiction, plaintiff must meet due process requirements, in part by demonstrating that, "the cause of action is related to or arises out of the defendant's activities with the forum." Thorner, 2009 WL 4041595, at *3 (Plaintiff's Memo at 7). It is the defendant's contacts' "relationship to the cause of action that is relevant." Plaintiff's Memo at 8. Accord, Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984); Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 334 (3d Cir. 2009) (Plaintiff's Memo at 7).

---

[5] Although the court in Thorner wrote "extensive and persuasive," it probably meant "extensive and pervasive." When it wrote "persuasive," Thorner was quoting Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587 (3d Cir. 1982), and, indeed, Reliance Steel said "persuasive." But Reliance Steel itself purportedly was quoting Compagnie des Bauxites de Guinea v. Ins. Co. of North America, 651 F.2d 877 (3d Cir. 1981), see 657 F.2d at 589, and Compagnie des Bauxites de Guinea, actually wrote "pervasive," see 651 F.2d at 891. In any event, plaintiff's facts regarding jurisdiction are neither pervasive nor persuasive.

B. Plaintiff has failed to Demonstrate Specific Jurisdiction

While plaintiff has shown some limited contacts between the individual defendants and New Jersey, these facts are irrelevant to specific jurisdiction because plaintiff has not shown that its causes of action "relate to or arise out of" these contacts. It is critical to bear in mind that plaintiff is complaining about three incidents:

- Bioretec's creation of the Shareholder Agreement and the related issuance of B shares, Complaint ¶¶ 1-3;
- Bioretec's rejection of a deal with Stryker, Complaint ¶ 19; and
- Bioretec's rejection of deals with Volcano, Complaint ¶ 20.

When plaintiff's facts surrounding these events are examined, it is clear that plaintiff has not met its burden.

1. The Shareholder Agreement & B shares

Plaintiff alleges that issuance of the B shares was approved at a General Meeting of Shareholders in 2007. Complaint ¶ 30. See also id. ¶¶ 37, 41, 45 & 48 (other shareholders' meetings). All of the shareholders' meetings about which plaintiff complains, took place in Finland. Declaration of Pertti Törmälä, executed April 26, 2011 ("Törmälä Dec."), ¶¶ 14-18. Plaintiff does not allege that any General or Extraordinary Meeting took place in New Jersey.[6]

Plaintiff does not allege that the Shareholder Agreement was negotiated, executed, or approved by Bioretec in New Jersey. See Complaint ¶ 33. Nor does plaintiff allege that Bioretec's

---

[6] Finnish law also provides that the records of a company organized under Finnish law are available to "everyone." Limited Liabilities Companies Act chap. 3, § 17(2). Finnish law further provides that all shareholders may attend and participate in meetings of the shareholders. Id., chap. 5, § 6(1). Given that plaintiff does not allege that Bioretec violated the record-keeping provision, nor allege that he was kept out of any shareholders' meeting, it is difficult to understand how plaintiff can claim he was defrauded.

board approved the issuance of B shares in New Jersey. To the contrary, plaintiff specifically alleges that these decisions were made at Bioretec shareholder meetings.

Plaintiff has not shown that its claims regarding the Shareholders' Agreement or the issuance of B shares "arise out of or relate to' the defendants' contacts with New Jersey.[7] See Halak v. Scovill, 686 A.2d 1245, 1248 (N.J. App. Div. 1997) (Plaintiff's Memo at 8).

While plaintiff repeatedly states that former board members Dimun and Wall reside in New Jersey, he over-states that fact's significance. The fact is over-stated because the complaint does not name either Dimun or Wall as parties nor does it complain about anything Dimun or Wall did or failed to do. Indeed, wit respect to the B shares, Dimun and Wall imply that they were as much in the dark as plaintiff. But see 7 n.3, above. Thus whatever Dimun or Wall did (or failed to do) in New Jersey cannot relate to plaintiff's claims.

Moreover, while the fact that Dimun and Wall reside in New Jersey may have significance as to nominal defendant Bioretec Oy, it does not have any jurisdictional significance with respect to MedTech or the three individual defendants. This is critical, because the Supreme Court has held that "the requirements of International Shoe . . . must be met as to each defendant." Rush v. Savchuk, 444 U.S. 320, 332 (1980). Accord, N.V.E. Inc. v. Cosmetic Industry & Trade Corp., No. 09-3412 (PGS), 2010 WL 1381482, *4 (D.N.J. April 5, 2010) ("Each defendant's contacts with the forum State must be assessed individually").

In an attempt to carry its burden, plaintiff also relies on the "effects test." See Plaintiff's Memo at 11-12. Plaintiff has not satisfied the test. See Victory Int'l (USA) Inc. v. Perry Ellis Int'l, Inc., No. 07-0375 (WHW), 2008 WL 65177 (D.N.J. Jan. 2, 2008). There the court ex-

plained that, to satisfy the effects test, the Third Circuit requires the plaintiff to make a three-part showing:

> (1) The defendant committed an intentional tort;
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Id. at *6. Here, of course, plaintiff fails the second prong: he does not allege that he "felt the brunt of the harm" in New Jersey. Instead, plaintiff alleges only that he "heard about" some of the complained of activity while he was in New Jersey. See Anderson Dec. ¶ 4 ("These matters were brought to my attention through telephone conversations I had while in my New Jersey home") (emphasis added). Plaintiff does not meet the effects test.

The complaint does recite that "Defendants' commissions of tortious acts outside of New Jersey have had an effect within New Jersey." Complaint ¶ 23, at 7. This bald allegation cannot support specific jurisdiction because it does not even purport to claim that plaintiff himself suffered harm in this State, nor does it point to "contacts which demonstrate that the defendant expressly aimed its tortious conduct at the forum, and thereby made the forum the focal point of tortious activity." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998).

2. The Stryker deal

Plaintiff's facts regarding Stryker also do not support specific jurisdiction. This is because plaintiff alleges merely that non-party, former director Dimun had some discussions with Stryker in New Jersey "regarding its interest in acquiring Bioretec." Declaration of Anthony Dimun ¶ 4, at 2. But these facts do not relate to plaintiff's cause of action because he does not complain about these discussions in particular or any negotiations in general; rather "[t]he

- 11 -

Board's rejection of the Stryker deal is a subject of this action." Complaint ¶ 19 (emphasis added). As explained above, all of the board's action took place in Finland.

### 3. The Volcano Offers

The complaint alleges that "[t]he rejection of the Volcano Capital Offers is a subject of this action." Complaint ¶ 20, at 7. However, plaintiff has not adduced any facts whatsoever to show that his claim regarding Bioretec's rejection of "the Volcano Capital Offers," arises out of or is related to" any New Jersey contacts.

### 4. MedTech

Plaintiff's allegations regarding MedTech are particularly woeful. While plaintiff points to the general allegation in its complaint that Sillanaukee acted on behalf of MedTech and Bioretec, Plaintiff's Memo at 10, plaintiff simply overlooks its specific allegation that Sillanaukee's communications with New Jersey residents were "to conduct Bioretec business," Complaint ¶ 21. There is no jurisdiction over MedTech.

### C. Plaintiff has failed to Demonstrate General Jurisdiction over Bioretec

As explained in our opening brief, general jurisdiction, being the broader concept, requires an even greater showing than specific jurisdiction to satisfy due process. See Defendants' Memo at 14-15. Plaintiff does not really disagree. See Plaintiff's Memo at 12. For general jurisdiction, the defendant's contacts must be "continuous and systematic." Id.

Plaintiff affirmatively alleges that Bioretec is Finnish company headquartered in Finland. Complaint ¶ 13. Plaintiff does not dispute that Bioretec maintains its books and records in

Finland. See Törmälä Dec. ¶ 8.[8] The facts plaintiff assembles to overcome its admissions are quintessentially sporadic.

Plaintiff tries to slough off the director-defendants declarations, which demonstrate the limited contacts Bioretec has with New Jersey, by saying only that "they have not traveled to New Jersey within the last three years . . . ." Plaintiff's Memo at 23. To the contrary, that fact underscores that their contacts with New Jersey are not continuous and systematic, but sporadic.

Finally, plaintiff states that we do not assert that to exercise jurisdiction over Bioretec would offend traditional notions of fair play and substantial justice. Plaintiff's Memo at 14. This is not correct. See Defendants' Memo at 14 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The "fair play" portion of plaintiff's burden is reached only when the plaintiff has shown that the minimum contacts to support jurisdiction exist. See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-16 (1987). Essentially, the inquiry is to the reasonableness of exercising jurisdiction over an alien defendant, taking into account "the procedural and substantive policies of other nations whose interests are affected by the assertion of jurisdiction . . . . [A]s well as the Federal Government's in its foreign relations policies . . . ." Id. at 115. For the reasons explained elsewhere on forum non conveniens, the Court should not assert jurisdiction here.

---

[8] Plaintiff's memo claims that one Bioretec record, the Shareholder Agreement, is in New Jersey. Plaintiff's Memo at 21. This "fact" is not asserted in any of the declarations submitted by plaintiff and thus is not a matter of record on this motion. Dimun and Wall aver that they have unspecified Bioretec documents. Dimun Dec. ¶ 21; Wall Dec. ¶ 16. Plaintiff does not contend, however, that these unspecified documents would be relevant to the trial of this case.

## III.

## PLAINTIFF HAS NOT SHOWN THE NEED
## FOR JURISDICTIONAL DISCOVERY

Plaintiff has requested jurisdictional discovery. See Plaintiff's Memo at 15-16. Such discovery would be inappropriate on this record.

Fundamentally, jurisdictional discovery is only appropriate on the issue of whether a corporate defendant is "doing business" in the jurisdiction. See, e.g., Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). It is not generally appropriate where the defendant is an individual. "Where the defendant is an individual, the presumption in favor of discovery is reduced." Id. (citing Shaw v. Boyd, 658 F. Supp. 89, 91 n.1 (E.D. Pa.1987)).

Moreover, the rationale for discovery even of a corporate defendant is one of fairness and is based upon the presumption that the plaintiff is a "'total stranger'" to the corporate defendant. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) (Plaintiff's Memo at 15) (quoting Surpitski v. Huges-Keenan Corp., 362 F.2d 254, 255-56 (1st Cir. 1966)). Here, plaintiff is far from a stranger to the corporate defendant. Not only is he a shareholder, and thus has the ability to obtain information from the company, but on this motion he has garnered the help of two former directors of the company, both of whom submitted declarations on plaintiff's behalf.

Finally, plaintiff has not made an offer of proof of what he might obtain in discovery. See American General Life Ins. Co. v. Berger, No. 10-3377 (WHW), 2011 WL 322649, *2 (D.N.J. Jan. 28, 2011) (jurisdictional discovery is appropriate when existing record is inadequate

and party demonstrates that it can supplement jurisdictional allegations through discovery). Thus the application should be denied.[9]

## IV.
## SOME CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

In our opening brief, we explained that some of plaintiff's claims are barred by the applicable Finnish statute of limitations. See Defendant's Memo at 18-19. In response, plaintiff does not dispute that the applicable statute of limitations is provided by Finnish law. Rather, plaintiff claims a different provision of Finnish law applies. See Plaintiff's Memo at 29-30. For the reasons explained in the Jokela Declaration, we submit that it is the three-month statute of limitations that applies. See Jokela Dec. § II.[10]

## CONCLUSION

For the reasons stated above, and in their memorandum of law dated April 29, 2011, defendants respectfully request the Court to enter an order dismissing the complaint.

Dated: June 27, 2011

Respectfully submitted,

CARL D. POPLAR, P.A.

By:/s/ Carl D. Poplar
Carl D. Poplar (4791)
1010 Kings Highway South, Bldg Two
Cherry Hill, NJ 08034
(856) 216-9979
Email: cpoplar@poplarlaw.com

George O. Richardson, III (9817)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas
29th Floor
New York, New York 10104
(212) 660-3000
Email: grichardson@sandw.com

Attorneys for Defendants

---

[9] If plaintiff's request for jurisdictional discovery is granted, defendants respectfully request the opportunity to depose plaintiff's declarants on the issue of jurisdiction.

[10] We acknowledge that plaintiff also is complaining about the meeting on October 29, 2010, and that that meeting took place within three months of the filing of the complaint.