# CARL D. POPLAR, P.A.
A PROFESSIONAL CORPORATION

*Attorneys at Law*

CARL D. POPLAR
 Certified Civil Trial Attorney
 Certified Criminal Trial Attorney
DAVID E. POPLAR *
 * Member NJ & PA Bar

1010 Kings Highway South
Building Two
Cherry Hill, New Jersey 08034

(856) 216-9979
FAX (856) 216-9970

www.poplarlaw.com

July 8, 2011

Hon. Claire C. Cecchi,
 United States District Judge
Martin Luther King Building &
 U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: <u>Anderson v. Törmälä, No. 2:11-cv-000525 CCC-JAD</u>

Dear Judge Cecchi:

    This firm and George Richardson of Sullivan & Worcester represent the defendants in the above-captioned matter. Presently, there is a pending motion by the defendants to dismiss the Complaint. By this letter, defendants request leave to present supplemental authority, namely two recent decisions of the United States Supreme Court decided the same day defendants filed their reply brief, <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, No. 10-76 (U.S. June 27, 2011) and <u>J. McIntyre Machinery, Ltd. v. Nicastro</u>, No. 09-1343 (U.S. June 27, 2011). In both cases, the Court reversed the finding of personal jurisdiction over foreign defendants. Both cases are relevant to defendants' motion to dismiss before this Court.

    In <u>Goodyear</u>, the Court reversed a finding of "general" jurisdiction.[1] It was conceded in the case that the forum state, North Carolina, did not have specific jurisdiction over the defendant (even though the defendant's affiliated company was present in North Carolina and some tires manufactured by the defendant were distributed by the defendant's affiliates in North Carolina). The Court reversed the finding of general jurisdiction because these facts were insufficient to find general jurisdiction: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; <u>for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home</u>." Slip op. at 7 (emphasis added).

---

[1] Copies of the Court's opinions in both cases are enclosed.

Hon. Claire C. Cecchi,
United States District Judge
July 8, 2011
Page 2

  For the reasons explained in our briefs, defendant Bioretec Oy, over which plaintiff claims to assert general jurisdiction, cannot "fairly [be] regarded as at home" in New Jersey.

  By the other decision, the Court reversed a finding of specific jurisdiction by the New Jersey Supreme Court.  See McIntyre Machinery, Slip op. at 12.  The Court's judgment was endorsed by six justices, who wrote two opinions; one opinion was joined by four justices, the other by two.

  The lesson of McIntyre Machinery applicable here is that for specific jurisdiction, the cause of action must relate to, i.e., arise out of, the defendant's contacts with the forum state.  Slip op. at 5.  The defendant's other contacts with the forum, regardless of how extensive they might be, are irrelevant to specific jurisdiction.

  For the reasons explained in our briefs, the claims that plaintiff is trying to assert against the individual defendants (and MedTech) do not relate to or arise out of defendants' alleged contacts with New Jersey.

  Should the Court require anything further, we would be pleased to provide it.

         Respectfully submitted,


         /s/  CARL D. POPLAR
         Carl D. Poplar (4791)

         And

         George O. Richardson, III*


<u>Enclosures</u>
cc: Steven M. Hecht, Counsel for plaintiff (via ECF)


*Not admitted in New Jersey.  Motion to be admitted pro hac vice pending.

{N0273007; 1}