IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>PERTTI TORMALA, PEKKA SILLANAUKEE, HANNU TIMMERBACKA, MEDTECH RAHASTO KY,<br><br>Defendants,<br><br>BIORETEC OY,<br><br>Nominal Defendant. | Civil Action No.: 11-cv-525 (CCC-JAD)<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to this Court for a Report and Recommendation on the motion to dismiss the Complaint on the grounds of forum non conveniens, or in the alternative for lack of personal jurisdiction, by Pertti Tormala, Pekka Sillanaukee, Hannu Timmerbacka, Medtech Rahasto, and Bioretec Oy (collectively, "Defendants"). Pursuant to Federal Rule Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, and for the reasons herein expressed separately below, the undersigned respectfully recommends that the Court grant Defendant's motion to dismiss on the grounds of forum non conveniens.

I.  **BACKGROUND**[1]

Plaintiff David Anderson is citizen of the Commonwealth of Pennsylvania, and a Class A shareholder of nominal defendant Bioretec Oy. Nominal defendant Bioretec Oy is a corporation

---

[1] The facts are taken from the parties' respective submissions.

1

organized under the laws of Finland and headquartered in Tampere, Finland. Defendant Pertti Törmälä is the Chairman of the Board of Directors of Bioretec and a Finnish citizen. Defendants Pekka Sillanaukee and Hannu Timmerbacka are members of the Board of Directors of Bioretec and Finnish citizens. Defendant MedTech Rahasto Ky is a limited partnership organized under the laws of Finland and headquartered in Tampere, Finland. All of MedTech's limited partners are citizens of Finland.

The Complaint alleges Pertti Törmälä, Pekka Sillanaukee, and Hannu Timmerbacka (the "Individual Defendants") engaged in self-dealing and misconduct by which they took wrongful advantage of their position as directors of Bioretec Oy ("Bioretec" or the "Company"). In breach of their fiduciary duties of loyalty, care, and candor, these directors allegedly manufactured a secret shareholders' agreement, created a whole new class of series B securities, offered new issuances of such shares based on grossly deflated valuations of the Company, and thus prevented the Company from raising capital on the far more fair and appropriate terms that the market would ordinarily have provided if not for Defendants' scheme.

Moreover, Plaintiff alleges that, in further breach of their fiduciary duties, Defendants themselves improperly benefitted from this wrongful scheme by purchasing the newly created class B shares at the artificially depressed prices they set, which also had the (intended) effect of allowing the class B shareholders to obtain even more shares on the cheap because of the anti-dilution rights afforded class B shareholders under the secret shareholders agreement. As a result, Plaintiff alleges that he and the other class A shareholders, who were never offered the discounted class B shares -- and who never even knew about the secret agreement and Defendants' continuing manipulation of its antidilution provision -- have seen their equity interest in this Company suffer massive dilution.

## II.     LEGAL STANDARD

The doctrine of forum non conveniens is a well-established feature of common law that allows a court to defer its jurisdiction where principles of justice and convenience favor the action being brought in another forum. See Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 188–89 (3d Cir.2008), cert. denied, ––– U.S. –––, 129 S.Ct. 904 (2009); Pollux Holdings Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 67 (2d Cir.2003) (explaining that the doctrine of forum non conveniens "affords a trial court discretion in a case over which it has jurisdiction to decline to exercise it, whenever it appears that such case may be more appropriately tried in another forum"). In making the determination, "the district court is accorded substantial flexibility ... [because in considering] a forum non conveniens motion, ... '[e]ach case turns on its facts.'" Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988) (citations omitted).

"In deciding whether to dismiss for forum non conveniens, the court's 'ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice.'" Tech. Dev. Co. v. Onischenko, 536 F. Supp. 2d 511, 517 (D.N.J. 2007) (citing Koster v. (American) Lumbermens Mut. Cas. Co., 330 U.S. 518, 527 (1947)). District Courts follow a three-step analysis to consider a motion to dismiss on forum non conveniens grounds. The Court must first determine whether an adequate alternative forum can entertain the case. Windt, 529 F.3d at 189. Next, "[i]f such a forum exists, the district court must ... determine the appropriate amount of deference to be given the plaintiff's choice of forum." Id. Finally, the Court must balance the relevant public and private interest considerations related to the convenience of the forum. If upon balancing these factors the Court finds "that trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the

district court may, in its discretion, dismiss the case on forum non conveniens grounds." Id. at 190.

"It is settled that the defendant bears the burden of persuasion as to all elements of the forum non conveniens analysis." Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43-44 (3d Cir. 1988).

### III. DISCUSSION

The Court will address each step in the three-step analysis in turn.

A. Adequacy of Alternative Forum

In considering a motion to dismiss for forum non conveniens, "the threshold requirement" is "the availability of an adequate alternative forum." Windt v. Qwest Commc'ns Int'l, Inc., 544 F.Supp.2d 409, 417 (D.N.J. 2008). "Two conditions must be satisfied to meet this adequacy requirement: (1) the defendant must be amenable to process in the alternative forum, and (2) the subject matter of the lawsuit must be cognizable in the alternative forum in order to provide the plaintiff with a redress." Id. at 417-18.

1. Are the Defendants Amenable to Process in Finland?

The Defendants, all citizens of Finland, have asserted that they are amenable to process in Finland, and Plaintiffs have not disputed this assertion. Accordingly, the first condition is satisfied.

2. Is the Subject Matter of the Lawsuit Cognizable in Finland?

This Court need not do a comprehensive comparison of the relevant United States and Finnish law in order to determine whether the subject matter is cognizable. Steward Int'l Enhanced Index Fund v. Carr, No. 09-cv-5006, 2010 WL 336276 (D.N.J. Jan. 22, 2010). It is only in the "rare circumstances… where the remedy offered by the other forum is clearly

4

unsatisfactory" that the alternative forum will be considered inadequate. Piper Aircraft Co. v. Reyno, 454 U.S. 235, fn 22 (1981); see id. at 254 ("Of course, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight; the district court may conclude that dismissal would not be in the interests of justice). "Determining the adequacy of an alternative forum does not rest on whether that forum offers the full panoply of remedies available in the plaintiff's chosen forum under the operative facts of the case ... Instead, the inquiry should be whether the remedies provided by an alternative forum are so clearly inadequate or unsatisfactory that it is no remedy at all." Steward Int'l, 2010 WL 336276 at *3 (citing Thomson Info. Servs. v. British Telcoms., 940 F.Supp. 20, 23 (D.Mass.1996)). "A remedy is not inadequate merely because it is less favorable to the plaintiff than the remedy in his chosen forum." Miller v. Boston Scientific Corp., 380 F. Supp. 2d 443, 448 (D.N.J. 2005). "The unavailability of a certain theory for recovery or the possibility of lesser damages, therefore, cannot render the alternate forum inadequate." Steward Int'l, 2010 WL 336276 at *3; see also Piper, 454 U.S. at 252-55.

Bearing these principles in mind, this Court will consider whether Finland constitutes an adequate forum. The Complaint asserts ten causes of action: common law fraud (Count 1); aiding and abetting fraud (Count 2); conspiracy to defraud (Count 3); breach of fiduciary duty (Count 4); aiding and abetting breach of fiduciary duty (Count 5); unjust enrichment (Count 6); claims under the Finnish Companies Act (Counts 7-10).

At the outset, this Court notes that four of Plaintiff's claims directly arise under Finnish law (i.e. the "Finnish Companies Act"). Additionally, the claim for breach of fiduciary duty is

5

also governed by Finnish law.² See LaSala v. Bordier & Cie, 519 F.3d 121, 131 n. 13 (3d Cir. 2008) (claims involving corporation's internal affairs are controlled by the law of the state of incorporation); Fagin v. Gilmartin, 432 F.3d 276, 282 (3d Cir. 2005) ("Under New Jersey's choice-of-law rules, the law of the state of incorporation governs internal corporate affairs."). Clearly the Finnish court system can offer an adequate remedy for these claims.

Defendants also assert that Finnish law provides a procedure by which Plaintiff can bring his derivative claims. In support of this argument, Defendants rely on the affidavit of Vesa Turkki (the "Turkki Declaration"), a partner at a Finnish law firm who has advised Defendants in connection with this matter. According to the Turkki Declaration, there are no procedural obstacles that would prevent a United States citizen from asserting a claim in a Finnish court, Finnish law recognizes derivative claims brought by a shareholder as well as claims for breach of fiduciary duty and claims of fraud (in some circumstances), and Finnish authorities will enforce the final judgment of successful parties to a Finnish lawsuit.

Plaintiff argues that the Defendants have not offered sufficient proof to demonstrate Finland is adequate; specifically, Plaintiff challenges the Turkki Declaration because it is submitted by the Defendants' Finnish lawyer and not "an independent expert on matters of Finnish law." This Court does not agree that an independent expert is required; a Finnish lawyer is presumed to be familiar with Finnish law. Moreover, Plaintiff has offered no substantive rebuttal of the Turkki Declaration.

---

² Plaintiff argues that the breach of fiduciary duty claim is not governed by Finnish law because the internal affairs doctrine does not apply when the state has a more significant relationship to the occurrence and the parties than the company's host forum. This Court does not agree that New Jersey has a more significant relationship to the occurrence or the parties. Plaintiff also points to the comments to N.J.S.A. § 14A;13-2 to argue that there is statutory authority for disregarding the internal affairs doctrine. Again, this Court does not agree. While the Court may exercise jurisdiction in appropriate circumstances, nothing in that statute, or the comments, requires the Court to exercise jurisdiction when there are countervailing factors, such as forum non conveniens, in play.

This Court finds that Defendants have presented sufficient evidence to demonstrate that Finland is an adequate forum. Accordingly, this factor weighs in favor of dismissal for forum non conveniens.

B. Deference to Plaintiff's Choice of Forum

Courts in the Third Circuit have noted the degree of deference due to a plaintiff's choice of forum moves along a "sliding scale," depending on the circumstances of each case. Windt, 529 F.3d at 191 (citing Iragorri v. United Technologies Corp., 274 F.3d 65, 71 (2d Cir.2001)). A plaintiff's choice of forum receives greater deference when it is motivated by "reasons that the law recognizes as valid," and where the parties have a "bona fide connection" with the United States and the chosen forum. See Iragorri, 274 F.3d at 72. "[T]he greater the plaintiff's or the lawsuit's bona fide connection to the United States *and to the forum of choice* and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for forum non conveniens." Miller, 380 F. Supp. 2d at 450 (citing Iragorri, 274 F.3d at 72) (emphasis added); see also Steward Int'l, 2010 WL 336276 at *7 ("Although a plaintiff in a domestic forum is typically given substantial deference, his or her connection *with the particular federal district* must be considered as well.") (internal citations omitted) (emphasis added). Accordingly, courts will consider where the parties are from, where the evidence is concentrated, and where the relevant conduct occurred. See Windt, 529 F.3d at 191.

Here, all of the Defendants are citizens of Finland, and the corporate Defendants are incorporated in Finland. None of the Defendants are United States citizens.

As to Plaintiff, he is a United States citizen, but he is a resident of Pennsylvania, *not* New Jersey. Defendants argue that since this is not Plaintiff's home forum, his choice should be given

little deference. However, Plaintiff argues that his choice of forum should be given substantial deference because Plaintiff has a secondary residence in New Jersey, members of the Bioretec Board of Directors (who are *not* named parties to this lawsuit) resided in New Jersey during the time period in question, high ranking Bioretec officers repeatedly traveled to New Jersey to pursue business relationships, and that there is a "deep connection between this action and New Jersey."

This Court finds there is minimal evidence demonstrating a connection to New Jersey, and does not find that New Jersey has a "deep connection" to this action. Importantly, the claims asserted are not connected to any alleged travel by the Bioretec officers to New Jersey, and this Court affords little weight to the residences of two Board Members who are not named parties to this lawsuit. Indeed, those Board Members have not been targeted as committing wrongdoing. Furthermore, they have asserted no claims. At best, they are witnesses. This is no reason to litigate Plaintiff's claims in this district.

Next the Court turns to where the evidence is located, and the conduct occurred. There is no indication that evidence is concentrated in New Jersey. Rather, the documentary evidence is located in Finland, and many of the depositions would have to be taken in Finland given the location of the parties. Finally, the conduct giving rise to the claims occurred in Finland, as that is where Bioretec is headquartered.

Given the foregoing, this Court will not afford Plaintiff's choice of forum great deference. The Court recognizes that the level of deference should not be "low" as this is not a case where there is no contact with United States. However, given the primary connection with Finland and the minimal connection to New Jersey, the level of deference is reduced.

C. Private and Public Interest Factors

8

The Court must now determine whether considerations of private and public interests weigh in favor of dismissal. "To prevail on a forum non conveniens motion, the movant must show that the balance of [the private and public] factors tips decidedly in favor of trial in the foreign forum." Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991). "Although these factors provide a framework for a court's analysis, 'each case turns on its fact,' [and] the district court is 'accorded substantial flexibility' in evaluating these factors." Steward Int'l, 2010 WL 336276 at *8 (citing Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1945); Piper, 454 U.S. at 257).

1. Private Interests

"The factors pertaining to the private interests of the litigants included the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Piper, 454 U.S. at 241 n. 6 (citing Gulf Oil Corp v. Gilbert, 330 U.S. 501, 508 (1947)).

This Court finds the private interests weigh in favor of dismissal. As discussed above, most of the evidence, including documentary evidence and most of the parties and witnesses, are located in Finland. Additionally, approximately 70% of Bioretec's 62 shareholders reside outside the United States. Moreover, Finnish courts can compel unwilling witnesses to appear at trial whereas if the case remains in the United States these witnesses will only be available through the procedures established by the Hague Convention. While the Court is mindful that the Hague Convention procedures are routinely used to gain access to foreign witnesses, this Court finds that it would be less costly and time consuming if the parties need not resort to them.

Finally, and most importantly, while it seems highly likely that a Finnish court would enforce a judgment of successful plaintiffs in a Finnish lawsuit, it is doubtful that Finland would enforce a judgment rendered in this Court.[3]

### 2. Public Interests

"The public factors bearing on the question included the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.'" Piper, 454 U.S. at 241 n. 6 (citing Gulf Oil Corp, 330 U.S. at 509).

This Court finds that the public interests weigh in favor of dismissal. As discussed above, five of the causes of action at issue here are governed by Finnish law; application of Finnish law weighs against this Court retaining jurisdiction. See Steward Int'l, 2010 WL 336276 at *10. Additionally, Finland has a stronger interest in, and connection to, this case than does the United States or New Jersey, and particularly the state of New Jersey. In particular, Finland has a substantial interest in the regulation of its own corporations, none of the parties reside in New Jersey, and none of the events giving rise to the claims occurred in New Jersey. This case

---

[3] In Finland, "[t]he core rule is that judgments cannot be enforced without an international agreement or a national provision forming the basis of the enforcement action." Ministry of Justice, Finland, "Enforcement of Civil Judgments," available at http://www.om.fi/en/Etusivu/Perussaannoksia/Kvoikeusapu/Siviiliasiat/Tuomioidentaytantoonpano. However, "[t]here is no treaty, convention, or other international agreement in force between the U.S. and Finland regarding enforcement of judgments." U.S. Dep't of State, "Finland Judicial Assistance," available at http://travel.state.gov/law/judicial/judicial_646.html.

involves the operations of a Finnish corporation, and, as such, New Jersey's "local interest" in having this case decided here is minimal at best.

Taken together, this Court finds that the private and public interests tip decidedly in favor of Finland as the appropriate forum for this dispute. Accordingly, dismissal on the grounds of forum non conveniens is appropriate.

### III.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Court grant Defendants' motion to dismiss on the grounds of forum non conveniens.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc.   Hon. Claire C. Cecchi, U.S.D.J.